**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| TREY GOODMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:14-CV-340-MTT-TQL |
| VS. | : | |
| | : | |
| STATE OF GEORGIA, *et al.*, | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants. | : | |

## ORDER & RECOMMENDATION

Plaintiff Trey Goodman, an inmate currently confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court previously granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff pay an initial partial filing fee. Order, ECF No. 7. Plaintiff paid the initial filing fee. Now, the undersigned must conduct a preliminary screening of the complaint because Plaintiff is a prisoner who "seeks redress from a governmental entity or [an] officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

## STANDARD OF REVIEW

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original) (internal quotation marks omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in support of his claims. The Court must construe these allegations as true for purposes of this preliminary screening. On October 15, 2013, Plaintiff asked GDCP Officer Storavalle if he could see Deputy Warden Eutsey before he left. Officer Storavalle noticed the CERT team enter the K-Building and began "to make a scene." Compl. ¶ 17, ECF No. 1. CERT Team member Officer Carter and another CERT Team member rushed toward Plaintiff, grabbed him, and he dropped to the ground. [1] Officer Carter choked Plaintiff while Officer Storavalle held his arm behind his back. Plaintiff was eventually handcuffed and shackled at the ankles. Officer Carter picked Plaintiff up by the back of his pants

---

[1] Plaintiff names C. Carter as a "Captain" at the Prison when listing the Defendants in this case. Compl. ¶ 16. However, in the body of his complaint, Plaintiff lists Carter's job title as "Lieutenant." For the purposes of this Order, the Court will address this Defendant as "Officer Carter."

causing pain in his testicles.  Plaintiff attempted to adjust his pants, and Officer Carter began to "push and pull" him, causing him to go "head first into the beam connected to the window."  *Id.* at 5.  Plaintiff contends he was injured as a result of those actions.  He names as Defendants the State of Georgia, Warden Bruce Chatman, and Officer Carter.  Plaintiff seeks damages for his medical, psychological, and emotional treatment and expenses.

## ANALYSIS

Plaintiff asserts his claims under 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege that a Defendant "acting under color of state law committed an act that deprived Plaintiff some right, privilege, or immunity secured by the Constitution or a statute of the United States."  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates."  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (*quoting Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  The Eighth Amendment can give rise to claims based on a prison official's failure "to protect prisoners from violence at the hands of other prisoners."  *Id.*  The Eighth Amendment can also "give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs."  *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (internal quotation marks omitted).  An Eighth Amendment claim "requires a two-prong showing: an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official" acted with deliberate indifference.  *Id.* at 1304 (internal quotation marks omitted).

### I.      Defendant Officer C. Carter

To state a claim of excessive force in violation of the Constitution, an inmate must allege that he suffered an injury resulting from a jail official's "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); "The core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 1-2.  Factors considered in this inquiry include the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the official, and any efforts made to temper the severity of a forceful response.  *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002).

It is found that Plaintiff stated a viable excessive force claim against Defendant CERT Team Officer Carter.  As such, that claim will be allowed to proceed.

### II.     Defendant State of Georgia

Plaintiff may not sue the State of Georgia in this case. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought.  *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100; *Kentucky v. Graham*, 473 U.S. 159, 167 n. 2 (1985) (finding that "[a] State cannot be sued directly in its own name regardless of the relief sought"). *See also, Will v. Michigan Dep't of State Police*, 491 U.S. 98, 71 (1989) (noting that a state and its agencies are not "persons" for purposes of section 1983 liability).  Accordingly, it is **RECOMMENDED** that any and all claims against the State of Georgia be **DISMISSED**.

### III.    Defendant Warden Bruce Chatman

It is apparent from Plaintiff's facts that he named Defendant Warden Chatman because he is the supervisor of the Prison and its correctional officers.  Supervisory officials like Chatman

"are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Harrsion v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (internal quotation marks omitted).   To state a claim against a supervisory official, Plaintiff must allege that the supervisor "either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Id.*

Plaintiff does not allege that Chatman participated directly in the conduct he challenges. Plaintiff also does not allege a causal connection between Chatman's actions and the alleged constitutional violations.  A causal connection "can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).   A causal connection can also be established if a supervisor's policy or custom "results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (internal quotation marks omitted).  Plaintiff did not allege that there was a history of this type of complaint that Chatman knew about but failed to correct; he did not allege that Chatman had a policy or custom that resulted in excessive force; and he did not allege that Chatman directed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them.  In fact, the only mention of Chatman's name in the complaint is when Plaintiff lists him as a named Defendant.  Compl. ¶ 16.  Plaintiff's complaint thus fails to state a § 1983 claim against Chatman.   For these reasons, it is **RECOMMENDED** that Plaintiff's § 1983 claims against Defendant Warden Gregory Chatman be **DISMISSED**.

## OBJECTIONS

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1).

## ORDER FOR SERVICE

Plaintiff has made colorable Eighth Amendment constitutional violation claims against CERT Team Officer C. Carter.  It is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

6

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be <u>completed</u> within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the

defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred twenty (120) days from when the discovery period begins unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each

month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED, this 13th day of January, 2015.


/s/ *Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE


lws